UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

THEODORE E. MUSGROVE,

Plaintiff,

v.

OFFICER M. LOVINS and LT. WARD,

Defendants.

Case No. 1:26-cv-00265-DCN

**INITIAL REVIEW ORDER BY SCREENING JUDGE**

The Clerk of Court conditionally filed Plaintiff Theodore E. Musgrove's Complaint because of Plaintiff's status as an inmate and in forma pauperis request. A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Having reviewed the record, the Court concludes that the Complaint fails to state a claim upon which relief may be granted. Accordingly, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

## 1. Standards of Law for Screening Complaints

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient

for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**2. Factual Allegations**

Plaintiff is a prisoner in the custody of Idaho Department of Correction. Plaintiff alleges that, at 6:30 p.m. on February 27, 2026, contaminated water began to flow in Plaintiff's cell from the cell directly above Plaintiff. Plaintiff states the water smelled foul and contained urine and feces. *Compl.*, Dkt. 3, at 3. According to Plaintiff, the inmate in the upstairs cell was intentionally "pumping multiple gallons" of this water into Plaintiff's cell through the ventilation shaft. *Id.* "Plaintiff had to walk barefoot in his flooded cell to

and from his toilet in another human resident's human waste." *Id*. at 4.

Defendant correctional officer Lovins came to Plaintiff's tier at 7:00 p.m. Plaintiff informed Lovins about the problem, and Lovins responded that he would "look into it." *Id*. Lovins continued his security checks. Later that evening, Plaintiff again asked Lovins about a solution to the problem, and Lovins again stated he would look into it. For 6 hours, the contaminated water continued to flow into Plaintiff's cell, resulting in four inches of water on the floor. *Id*. at 4–5.

At that time, Lovins reported to Plaintiff that Lovins's request to move Plaintiff to another cell was denied by Defendant Lieutenant Ward and non-defendant Sergeant Griffin. *Id*. Lovins provided Plaintiff with a towel and cleaning chemicals to clean his cell, as well as a new jumpsuit. Plaintiff told Lovins that "these items [we]re not going to clean up four inches of flooded sewage water." *Id*. at 5. Plaintiff "had to sleep a foot away from four inches of smelly, waste water that made him sick to his stomach." *Id*.

The next day, Plaintiff had to eat his breakfast and lunch in the contaminated cell. Plaintiff was moved out of the cell around midday—18 hours after the water first began flowing into the cell. *Id*. at 6. Plaintiff was escorted to the shower and stayed there for over an hour while the cell was cleaned. Plaintiff was then placed back into his cell.

However, Plaintiff was not given a blanket—only a mattress—when he returned to his cell. Around 6:30 p.m. that day, February 28, 2026, Plaintiff asked Lovins for a blanket, as the temperature was dropping rapidly. Lovins did not provide a blanket. *Id*. at 6.

Around midnight, Plaintiff placed a note in his cell window stating he would commit suicide if he was not provided a blanket "by the next security check." *Id*. Plaintiff was then

escorted out of the cell and placed on suicide watch.

Plaintiff filed a grievance about the contaminated water. Ward initially stated that the grievance was "unfounded." *Id.* at 8. However, the second level grievance responder, non-defendant Captain Crowl, disagreed with Ward. Crowl apologized for the condition of the cell and stated that the delay in moving Plaintiff out of the filthy cell so it could be cleaned was due to a communication failure:

> I'm sorry that another resident deposited water into your cell…. The direction that was given was to provide you the ability to clean it up and to move you to a new cell if necessary. Due to staff reallocations due to multiple emergencies that night there was a drop in communication and the move to a new cell never happened and this was not relayed to the shift commander. There was every intention for you to be moved to a new cell in order to more adequately address the water issue and I apologize that the move did not happen in a more appropriate time frame.

*Id.*

Plaintiff brings claims under the Eighth Amendment against Lovins and Ward, contending that his exposure to the contaminated water in his cell for 18 hours, as well as his exposure to the cold temperature for 6 more hours, constituted cruel and unusual punishment. *Id.* at 9–10. Plaintiff seeks monetary damages and declaratory relief.

## 3. Discussion

The Complaint fails to state a claim upon which relief may be granted. The Court will, however, grant Plaintiff 28 days to file an amended complaint. Plaintiff should consider the following if he decides to amend.

### *A. Standards of Law*

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A defendant causes a constitutional deprivation within the meaning of § 1983 "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

That is, prison officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions (1) must involve "the wanton and unnecessary infliction of pain,"

(2) must be "grossly disproportionate to the severity of the crime warranting imprisonment," (3) must result "in unquestioned and serious deprivation of basic human needs, or (4) must deny an inmate "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive—even harsh—without violating the Eighth amendment, prison officials are required to provide prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety. *Id.* at 347-48; *Hoptowit v. Ray,* 682 F.2d 1237, 1246 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

An Eighth Amendment claim requires the plaintiff to show that his injury was the result of "deliberate indifference to a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). This analysis involves both an objective and a subjective prong.

As for the objective prong of the inquiry, "[n]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Rather, the deprivation alleged must be objectively sufficiently harmful or, in other words, sufficiently "grave" or "serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

A "severe or prolonged" lack of sanitation can satisfy the objective prong of an Eighth Amendment analysis. *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995). However, a plaintiff asserting an Eighth Amendment claim must show that the unsanitary conditions "were more than temporary." *Id.* at 1315. As the Supreme Court has explained, conditions such as a filthy cell "might be tolerable for a few days and intolerably cruel for weeks or months.'" *Hutto v. Finney*, 437 U.S. 678, 687 (1978).

With respect to subjective prong of the analysis, a prisoner asserting an Eighth Amendment claim must show that the defendant acted with deliberate indifference. "[D]eliberate indifference entails something more than mere negligence, [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." *Whitley*, 475 U.S. at 319.

To exhibit deliberate indifference, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002), *overruled on other grounds by Castro*, 833 F.3d 1060. Mere negligence on the part of a prison official is not sufficient to establish liability. Rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835.

### ***B. The Complaint Does Not State a Plausible Eighth Amendment Claim***

For the reasons that follow, the Court concludes Plaintiff has not plausibly alleged that he was subjected to a "more than temporary," objectively grave condition of confinement for purposes of the first prong of the Eighth Amendment analysis. *See Anderson*, 45 F.3d at 1314.

In *Anderson v. County of Kern*, the court addressed a situation where inmates were placed in "a very severe environment" in a suicide watch cell. *Id*. The conditions to which

the inmates were subjected included being shackled—naked or wearing only paper clothing—to a grate over a pit toilet for anywhere from an hour-and-a-half to "all night" long. *Id.* at 1313. The cell "was dark, scary, and smelled bad, and … the pit toilet was encrusted with excrement and urine." *Id.* The court held that the conditions were not sufficiently prolonged to violate the Eighth Amendment. *Id.* at 1314–15.

On the other hand, the Supreme Court has found an objectively cruel and unusual prison condition where a prisoner was kept in a pair of "shockingly unsanitary cells" for six full days. *Taylor v. Riojas*, 592 U.S. 7, 7 (2020) (per curiam). In *Taylor*, the plaintiff spent four days in a cell that was covered "nearly floor to ceiling" in "massive amounts of feces: all over the floor, the ceiling, the window, the walls, and even packed inside the water faucet." *Id.* at 8 (internal quotation marks omitted). The plaintiff was then placed, without clothing, for two more days in a "second, frigidly cold cell" without a bunk and with a clogged drain overflowing with raw sewage, forcing the plaintiff "to sleep naked in sewage." *Id.*

Like the inmate in *Taylor*, Plaintiff was exposed to both a cell with human waste and a cell with very cold temperatures. However, Plaintiff was subjected to these conditions for only 24 hours total—closer to the overnight period of time in *Anderson* than the six days found intolerably cruel in *Taylor*.

Plaintiff's description of the contaminated water is difficult to stomach, and the time he spent in the freezing cell must have been extremely uncomfortable. However, Plaintiff was exposed to these conditions only for 18 hours and 6 hours, respectively. Being subjected to such conditions for that amount of time is certainly unpleasant—even vile—

but it is not enough to establish an Eighth Amendment violation. *See Shakka v. Smith*, 71 F.3d 162, 167 (4th Cir. 1995) (no Eighth Amendment violation even where prisoner was prohibited from showering for three days after other inmates threw excrement on him).

Because Plaintiff's exposure to the unsanitary conditions was not sufficiently prolonged, the allegations in the Complaint do not satisfy the objective prong of the Eighth Amendment standard.[1]

**4. Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehrler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks and alteration omitted).

Rather, for each cause of action against each defendant, Plaintiff must state the

[1] Plaintiff's claims for declaratory relief are implausible for an additional reason. The Eleventh Amendment, which ensures state sovereign immunity absent a waiver of that immunity, prohibits judgments "against state officers declaring that they violated federal law in the past." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging the elements of the violation are met—for example, Plaintiff must allege facts satisfying the elements of an Eighth Amendment claim; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant. In addition, Plaintiff should omit his claims for declaratory relief in accordance with the Eleventh Amendment.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate, numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with

the Court.

## ORDER

**IT IS ORDERED:**

1. The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 28 days within which to file an amended complaint as described above.

2. If Plaintiff does not file a timely amended complaint, or if the amendment does not satisfy Rule 8, this case may be dismissed with prejudice and without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

DATED: November 17, 2026

David C. Nye
U.S. District Court Judge